Abraham N. Geller, J.
The court will now dictate into the record its decision after trial of the issue regarding compensability of the disputed “ installation ” items in the fixture claims of three Damage Parcel No. 57 tenants — Raynat Press, Inc.; Marg Printing Co., Inc.; and Albert I. Miller and Martha Miller doing business as Milestone Printers — tried pursuant to stipulation on record of the parties. The court has suggested that, in view of the great number of fixture claims, the parties enter into trial stipulations on the record whereby claimants will concede, with exceptions stated, the city’s approved or appraised price for the items involved, the stated exceptions being as to *1006 particular enumerated items either where there is a disputed question of compensability, in which case there should be an endeavor to reach agreement as to the fair value thereof proposed by the city’s appraiser if compensability is found, and also, where there is serious disagreement as to dollar valué of some item, for determination of that particular dollar value.
It should be noted that, since the great majority of the fixture claims in this proceeding include such “installation” items which are not allowed in the city appraisals, and since all attorneys and claimants in person were duly notified to join in the trial of this particular issue as a general issue affecting all such claims, a number of attorneys for claimants having in fact so participated in the presence of a large number of attorneys and claimants, this decision determining the principle of that issue of compensability will be applied to the installation items in all fixture claims, unless there be a contention and presentation on any subsequent trial of a fixture claim of evidence establishing that that particular installation differs in essential characteristics from and is an exception to the process and method of installation of machinery here described by the experts for both parties as applicable generally to machinery of this type. The amount in the fixture claim for installation, obviously, will still have to be established unless, as here in these three cases, both appraisers agree as to the fair value or depreciated reproduction cost thereof in the event found compensable. Such agreed fair value, it has been noted, is fairly substantially less than the sum included therefor in the claims as filed.
The “installation” issue must be clearly understood, since it involves an extremely narrow and fine point, though it represents a fairly substantial item where heavy machinery is concerned. These claimants do not maintain that these machines themselves are fixtures, since they were not custom-built or expressly adapted to fit the premises and are easily removable and usable elsewhere. They are, however, claiming for the wiring, piping, connections and attachments needed to make the machines function and operate, such wiring, piping, connections and attachments not being usable elsewhere except with the loss of all or substantially all their value after severance. The city agrees that, as to wiring, piping, and connections, the rule of compensability as a fixture embraces the reproduction cost, including material and labor, less depreciation, of such items left behind at the condemned site, and its appraiser has made provision for such items.
*1007 The dispute revolves around the attachments, such as bolts, skids, platforms, belts, controls and similar equipment and floor, wall and ceiling adjustments required to be made and made in installing the machine in place so that it can function properly at that place. These attachments, like the wiring and piping, are valueless when severed.
The court can discern no distinguishing element calling for a different conclusion from that concededly applicable to wiring and piping, even though it may be that the labor cost in relation to material cost is much greater in installation of heavy machinery than in wiring and piping. Installation attachments are necessary for the machine to function, just as wiring and piping. The definition of a fixture is satisfied by the fact that some annexation to the building is involved and that the item in question would lose all or substantially all its value after severance.
The evolving rule governing tenants’ trade fixtures, as pointed out in the recent leading cases of Marraro v. State of New York (12 N Y 2d 285) and United States v. Certain Property (306 F. 2d 439; 344 F. 2d 142), is that the proper measure of value is what they are worth and what a purchaser would pay for them for use in the premises being condemned, not after they are detached, and that such fair value of compensation is the reproduction cost in place less depreciation. In the case (344 F. 2d 142, 146) the court referred to the principle stated in the United States v. General Motors Corp. decision (323 U. S. 373) of the Supreme Court of the United States that compensation was to be given ‘ ‘ for fixtures and permanent equipment destroyed or depreciated in value ’ ”, since the Government destroys the value of the fixtures by taking in condemnation. The Government, when it condemns, destroys the value of the ‘1 installation in place ’ ’ of machinery, whether the machine as such be removed or not, in the same sense that it destroys the value of the wiring and piping attached to it so that it can function.
The court accordingly holds that the installation reproduction cost less depreciation of these machines and equipment is compensable as a fixture claim and will render an award on these three claims on the basis of the agreed fair value thereof.